■ In the Matter of CONTEST PROMOTIONS-NY LLC, Appellant-Respondent, v NEW YORK CITY BOARD OF STANDARDS AND APPEALS et al., Respondents-Appellants. [982 NYS2d 766]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 1, 2013, to the extent appealed from, grant-

ing the petition to the extent of annulling the revocation of 10 accessory sign permits which had been issued to petitioner and ordering respondent New York City Department of Buildings to issue such permits, and denying so much of the petition as sought declaratory relief, unanimously modified, on the law, to the extent of denying the petition insofar as it seeks to annul respondents' determination, reinstating respondents' determination, and dismissing the proceeding brought pursuant to CPLR article 78, and otherwise affirmed, without costs.

Respondent New York City Board of Standards and Appeals' (BSA) determination that the signs at issue constituted "advertising" signs, rather than "accessory" signs, under New York City Zoning Resolution § 12-10, was not arbitrary and capricious (*see Matter of Atlantic Outdoor Adv., Inc. v Srinivasan*, 110 AD3d 598 [1st Dept 2013]). The court should have deferred to BSA's fact-sensitive analysis of whether the accessory use of the sign was conducted on the same zoning lot as the principal use to which it is related, was clearly incidental to and customarily found in connection with the principal use of the property, and was substantially for the benefit or convenience of the owners, occupants, employees, customers, or visitors of the principal use (*see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 420 [1998]). Similarly, the court properly denied petitioner's requests for declaratory relief as to the subject permits and similar permits. Concur—Tom, J.P., Acosta, Saxe, DeGrasse and Freedman, JJ.